PeaRSON, O. J.
 

 In a case between the same parties upon the same covenant, which was before us at August Term, 1859, reported in 6 Jones’ Eep. 554,' it was held that the covenants were dependant, and to entitle the plaintiff to recover the purchase-money, it was necessary for him to aver and prove readiness and ability to perform the covenant on his part.
 

 Accordingly, in the present action, a formal declaration is filed, in which it is alleged that-the plaintiff, “in pursuance of the terms of the said writing ©bligatory, tendered and offered to deliver to the defendant a conveyance, signed by the plaintiff, and sealed with his seal, and good and sufficient in law, to convey to the defendant a good and perfect title, in
 
 *570
 
 fee simple, for the said land,
 
 in wMeh the
 
 metes•
 
 and hownds thereof were fully cutid fairly set out.”
 

 In proof of this allegation, the defendant,, at the trial, offered in evidence a deed which he had tendered, and offered to deliver, in which is set out by “ metes and bounds,” the description of a large tract of land, and then is added “from said tract of land the said Hardy excepts twenty acres sold to Dr. John Dickson, and now owned by Mr. Wallace, ten acres sold by Dr. Samuel Dickson, to Lindsey, and now owned by Marcus Erwin ; twenty acres sold to Mrs. Trescott, now owned by Mr. Cheesboro; eight acres which belong to the trustees of the Newton Academy, and seventeen acres sold to Dr. A. M. Foster.”
 

 His Honor erred in not holding that this allegation was not proved, and that the plaintiff ought to be nonsuited, because of the variance.
 

 One who holds a bond for title, in
 
 general
 
 terms, could not be expected to accept a deed describing a large tract with exceptions in respect to five parcels of land, with no description besides the number of acres, and the supposed owner — not even indicating to him.in what part of the tract they were situated, and with no metes and bounds; so as to leave him under just apprehension of being liable to be sued for a trespass, no matter at what place he should enter it. In tins case, the the defendant took the precaution to require of the plaintiff a covenant to make a deed in which the “metes and boundaries” of the land,
 
 should oe fully andfairl/y set out.
 
 Obviously, the deed offered in evidence, does not fulfil this condition. So, that the plaintiff ought to have been nonsuited, because
 
 thQjgrohata
 
 did not support the
 
 allegata.
 

 To avoid this objection, it was suggested on the part of the plaintiff, that the allegation-set out in the declaration of “an offer to deliver a deed,” was not necessary, and may be rejected as surplusage; it being sufficient for him to allege an ability and readiness to execute a proper deed, if such, a one had been prepared by the defendant and tendered to him for execution. This suggestion is met by the fact that, if the al
 
 *571
 
 legation in question be stricken out, as surplusage, there would,- then, be no averment of a readiness or ability-to perform. But passing by this difficulty, and taking the question to be: is it the duty of the vendor to prepare the deed ? Or is it enough for him to aver that he has title, and is ready to-execute a deed, provided one is prepared by the vendee and tendered to him for execution upon payment of the purchase-money ? "We are of opinion that it is the duty of the vendor to prepare the deed, and have it ready to deliver when he demands the payment of the purchase-money. The covenant is that “ the vendor will
 
 malte to the vendee
 
 a good and sufficient title, in fee simple, for the land, on payment of the purchase-money.” So, that, according to the ordinary meauingof the words, the one is to pay the money, and the other is to make the title, which, of course, includes- the preparation as-well as the execution of a deed necessary for the-purpose, and' there is no room for an implication that the trouble and expense of preparing the deed, is by agreement of the-parties,. to be borne by the vendee.
 

 This is manifestly the proper construction of contracts of this kind on principle, as is established by many of the cases in England in the old books of reports;
 
 Callowell
 
 v. Briggs, 1 Salk 112, and the cases there referred to-. Such is assumed to be the law in this State, in the case of
 
 Garrard
 
 v. Dollar, 4 Jones’ Rep. 175. It is true, a different practice now obtains in England, in the absence of an express agreement as to which of the parties to a contract, for the sale of a tract of land, shall be at the expense of having the proper conveyances prepared, which is usually inserted as a part of the contract ; — a practice which has arisen out of the length and difficulties of modern titles, and the refinements of modern conveyancing in that country, where a purchaser very seldom wishes to take a plain conveyance to himself, in- fee-simple, even if it were practicable to do so, by reason of the outstanding terms for years to attend the inheritance, jointures and other incumbrances and complications of the title. In consequence of which.,, the practice there, is, for the solid-
 
 *572
 
 tor of the vendor to make out an abstract of the title, which he hands to the solicitor of the purchaser, who investigates the title by reference to the original title papers, and being thus in possession of all the details in respect to the title, it is most convenient for him to prepare the deeds with limitations according to the directions of his principal. See Atkins on Titles 131, (note) (10 Law. Lib. 57.) In our State, this practice never has obtained. We have but little difficulty growing out of the complication of titles, and 'the chief matter is the metes and bounds of the land, w'hichlies peculiarly within the knowledge of the vendor; so, that according to principle, and for thetsake of convenience, we are of opinion that a vendor who wishes to maintain an action at law for the purchase-money, should, at the time of making the demand, have a deed prepared in pursuance of the terms of the contract, and have it signed and sealed, and offer to deliver it on payment of the money.
 

 It is not necessary to notice the other points made in the case, as it is clear the plaintiff cannot maintain his present action.
 

 In respeet to the question of interest, we are inclined to think that the defendant is liable therefor from the day of payment, set out in the contract, as he has had possession, and the plaintiff had title, and was in a condition to have performed his part of the contract at the day, and it would seem the matter has been standing open by mutual forbearance. However, we express no decided opinion, but feel at liberty to suggest that a bill for a specific performance is the remedy usually resorted to in such cases, instead of an action at law; for, in Equity, due allowance can be made, and all matters can be properly adjusted in the decree; whereas, at law, j udgment is peremptory for the plaintiff or defendant.
 
 'Venire cle nemo.
 

 Fee Curiam,
 

 Judgment reversed.